UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ALLBALL ATHLETICS, LLC formerly known as | : | **CASE NO.:  05 CV 9960 (RCC)** |
| ALLBALL ATHLETICS, INC. | : | |
| | : | |
| Plaintiff | : | |
| | : | **COMPLAINT** |
| | : | |
| vs. | : | **DEMAND FOR JURY TRIAL** |
| | : | |
| NBA PROPERTIES, INC. | : | **(ECF CASE)** |
| MADISON SQUARE GARDEN, L.P. | : | |
| | : | |
| Defendants | : | |

ALLBALL Athletics, LLC, formerly known as ALLBALL Athletics, Inc. (hereinafter "Plaintiff") by and through its attorneys, Paul A. Chin, Esq., for its Complaint against NBA Properties, Inc. ("Defendant NBA") and Madison Square Garden, L.P. ("Defendant MSG") (collectively "Defendants") alleges, upon knowledge to itself and upon information and belief as to all other matters, as follows:

## I.     NATURE OF THE CASE

1.     This is an action for trademark infringement, unfair competition, false advertising and false designation of origin under the Lanham Act, 15 U.S.C. §1051 *et seq.,* 15 U.S.C. §1114(1)(a) and 15 U.S.C. §1125(a); deceptive acts and practices pursuant to New York General Business Law §349 and §350; and common law trademark infringement and unfair competition, all arising from Defendants' unauthorized use of the term, mark and/or word "**ALLBALL**" in connection with athletic apparel, including but not limited to, tee-shirts, shirts, shorts, shoes, jerseys, hats, headwear, sweat bands, head bands, socks, warm-up suits, pullovers, and sweat shirts, distributed and/or sold by Defendants ("Defendants' athletic apparel").

2.      Plaintiff is the exclusive owner of the federally registered trademark "**ALLBALL** THE WORLD IS A BALL, PLAY IT."  Plaintiff has continuously used, and continues to use, the "**ALLBALL**" mark in connection with the sale of athletic apparel, including, but not limited to, tee-shirts, shirts, shorts, shoes, jerseys, hats, headwear, sweat bands, head bands, socks, warm-up suits, pullovers and sweat shirts conspicuously bearing the term, mark and/or word "**ALLBALL**" ("Plaintiff's Products"), in the United States since 1999.

3.      Upon information and belief, Defendants, with full knowledge of the existence of Plaintiff's exclusive use, and ownership of, the "**ALLBALL**" mark, have adopted the "**ALLBALL**" mark to identify Defendants' athletic apparel, which Defendants distributed and/or sold to consumers, through interstate commerce, as part of Defendants' marketing and promotional campaign known as "Knicks Life: ALLBALL" (hereinafter the "Knicks Life: ALLBALL Campaign").

4.       Upon information and belief, the term, mark and/or word **"ALLBALL,"** as it appears in connection with Defendant's "Knicks Life: ALLBALL Campaign", is substantially similar, if not identical, to Plaintiff's "**ALLBALL**" mark as it is used with Plaintiff's Products.  Upon information and belief, Defendants have distributed and/or sold its athletic apparel as part of the "Knicks Life: ALLBALL Campaign" to the same category of consumers and in the same retail channels as Plaintiff's Products bearing the "**ALLBALL**" mark.

5.      Defendants' use of the term, mark and/or word "**ALLBALL**" in connection with the "Knicks Life: ALLBALL Campaign" and Defendants' use of the "**ALLBALL**" mark to identify its athletic apparel in conjunction therewith has caused,

and/or is likely to cause, consumers, purchasers and others to be confused or mistaken into believing that Defendants' athletic apparel and/or Defendant's "Knicks Life: ALLBALL Campaign" originate with, are sponsored or approved by, emanate from, or are otherwise associated with, Plaintiff's Products and the "**ALLBALL"** mark.

6.     Defendants have used the "**ALLBALL**" mark to identify the "Knicks life: ALLBALL Campaign" and its athletic apparel without Plaintiff's authorization and consent and have caused irreparable injury to Plaintiff's business and the strength of Plaintiff's trademark.  As a result of Defendants' infringing conduct, Plaintiff is entitled to a permanent injunction against Defendants, in addition to all other remedies available under state and federal law.

## II.     JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. §1121; 28 U.S.C. §§1331 and 1338 (a) and (b).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §1332, as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.00 (Seventy Five Thousand Dollars), exclusive of interest and costs.  This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367 (a).

8.     This Court has personal jurisdiction over all Defendants because, upon information and belief, Defendants: (i) solicit, transact and conduct business in the State of New York and in this District and are regularly doing or soliciting business or engaging in a persistent course of conduct in this State and in this District; (ii) receive substantial revenue from the State of New York and the infringing conduct occurred in

the State of New York and within this District; and (iii) expect or reasonably should expect their conduct to have consequences in the State of New York.    This Court also has personal jurisdiction over all Defendants under the principles set forth in New York Civil Practice Law and Rules §302.

9.    Venue is properly laid in this District pursuant to 28 U.S.C. § 1391 because Defendants are subject to personal jurisdiction in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

### III.    PARTIES

10.    Plaintiff is the valid owner of all title, rights and interest to each and every asset of ALLBALL Athletics, Inc. (formerly a Pennsylvania corporation), including, but not limited to, the **"ALLBALL"** registered trademark.  Plaintiff is a limited liability company organized and existing under the laws of the State of New Jersey, with its principal place of business at 20 Vanderipe Road, Hillsborough, New Jersey.  Plaintiff is engaged in the business of manufacturing, distributing and selling athletic apparel conspicuously bearing the "**ALLBALL**" mark (i.e. Plaintiff's Products) throughout the United States, including the State of New York and this District.

11.    Upon information and belief, Defendant NBA is a corporation duly organized and existing under the laws of the State of New York with its principal place of business at 645 5th Avenue, New York, New York 10022. Upon information and belief, Defendant NBA is engaged in the business of organizing, televising, and otherwise broadcasting professional basketball games; Defendant NBA also markets, licenses and sells various clothing products, including, but not limited to athletic apparel.

12.     Upon information and belief, Defendant NBA is, or was, a producer and/or sponsor of the "Knicks Life: ALLBALL Campaign" and was responsible for advertising, marketing, distributing and/or selling Defendants' athletic apparel, bearing the term, mark and/or word "**ALLBALL**," throughout the United States, including the State of New York and this District.

13.     Upon information and belief, Defendant MSG is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business located in the State of New York, County of New York.  Upon information and belief, Defendant MSG is the principal owner of the "New York Knicks," a professional basketball organization associated with the National Basketball Association.

14.     Upon information and belief, Defendant MSG is, or was, the producer and/or sponsor of the "Knicks Life: ALLBALL Campaign" and was responsible for advertising, marketing, distributing and/or selling Defendants' athletic apparel, bearing the term, mark and/or word "**ALLBALL**," throughout the United States, including the State of New York and this District.

### IV.     FACTS COMMON TO ALL CLAIMS FOR RELIEF

**Plaintiff's ALLBALL mark**

15.     Plaintiff manufactures, designs, distributes and sells athletic apparel including, but not limited to, tee-shirts, shirts, shorts, shoes, jerseys, hats, headwear, sweat bands, head bands, socks, warm-up suits, pullovers, and sweat shirts bearing the "**ALLBALL**" mark throughout the United States, including the State of New York and this District.

16.     The "**ALLBALL**" mark has been used to identify Plaintiff's Products since 1999.  Plaintiff is the owner of a valid, subsisting and existing United States Trademark registration, Registration No. 2,625,720 for the "**ALLBALL**" mark. A copy of the Trademark Registration Certificate, identified in the Principal Register, for the "**ALLBALL**" mark is attached hereto as **Exhibit A.**

17.     The Trademark Registration Certificate for the "**ALLBALL**" mark, which was issued on September 24, 2002, is prima facie evidence of the validity of the registration, Plaintiff's ownership of the "**ALLBALL**" mark and Plaintiff's exclusive right to use the "**ALLBALL**" mark in commerce in connection with the sale of Plaintiff's Products pursuant to 15 U.S.C. § 1072; and provides constructive notice of Plaintiff's claim of ownership of the "**ALLBALL**" mark pursuant to 15 U.S.C. § 1115(b).

18.     Plaintiff also enjoys a valid and subsisting common law right to the "**ALLBALL**" mark as a result of its extensive, continuous and exclusive use of the "**ALLBALL**" mark to identify Plaintiff's Products throughout the United States, including the State of New York and this District.

19.     The "**ALLBALL**" mark is a term and/or word that has no descriptive meaning with respect to Plaintiff's Products apart from its meaning as an indicator of the source of the Plaintiff's Products.

20.     Plaintiff has expended considerable time, money and effort in the marketing and promotion of the "**ALLBALL**" mark in connection with Plaintiff's Products and has distributed and/or sold its products, bearing the "**ALLBALL**" mark, throughout the United States and abroad.

21.    Plaintiff's Products bearing the "**ALLBALL**" mark have been distributed and/or sold, through interstate commerce, via NBA sports arena retail stores, trade shows, municipal school districts, Boys & Girls organized sporting tournaments and the internet. In addition, Plaintiff's Products bearing the "**ALLBALL**" mark have been advertised and marketed in various magazines and newspapers in the United States.

22.    Plaintiff has conducted numerous market surveys and promotional activities in order to gauge consumers' recognition of the "**ALLBALL**" mark and to promote and market the sale of Plaintiff's Products, bearing the "**ALLBALL**" mark.

23.    Plaintiff has acted with diligence in policing the unauthorized use and misuse by other parties of marks similar, or identical, to the "**ALLBALL**" mark when such uses have come to Plaintiff's attention.

**Defendants' adoption and use of Plaintiff's ALLBALL mark**

24.    Upon information and belief, on or about November 2004 Defendants' commenced using the "**ALLBALL**" mark in connection with, or to identify, Defendants' athletic apparel, which Defendants distributed and/or sold to consumers, through interstate commerce, as a part of the "Knicks Life: ALLBALL Campaign."

25.    On or about May 2005, Plaintiff's general counsel wrote a letter to Defendants informing them that Defendants unauthorized use of Plaintiff's "**ALLBALL**" mark used in connection with Defendants' "Knicks Life: ALLBALL Campaign" and Defendants  distribution and/or sale, through interstate commerce, of athletic apparel bearing the term, mark and/or word "**ALLBALL**" infringed Plaintiff's exclusive right to use the term, mark and/or word "**ALLBALL**" in connection with certain goods; specifically athletic apparel.

26.     Plaintiff attorney's letter demanded that Defendants immediately cease and desist all uses of the term, mark and/or word "**ALLBALL**" and to contact Plaintiff's attorney in order to obtain a license for use of the "**ALLBALL**" mark.  Defendants never responded to Plaintiff attorney's letter.

27.     Upon information and belief, despite Plaintiff's cease and desist letter, Defendants continued to use the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign" and continued to manufacture, distribute and/or sell its athletic apparel bearing the term and/or word **"ALLBALL."**

**Confusion among consumers**

28.     Upon information and belief, Defendants' "Knicks Life: ALLBALL Campaign," which utilized the "**ALLBALL**" mark, was televised, broadcasted and otherwise publicly exploited and Defendants' combined use of the "**ALLBALL**" mark to identify athletic apparel was distributed and/or sold to consumers in conjunction therewith.

29.     As a direct and proximate result of Defendants' infringing conduct, Plaintiff received telephone calls, e-mails and other correspondence from Plaintiff's customers and associates inquiring about, and congratulating, Plaintiff on their recent athletic apparel deal with the NBA and the New York Knicks.

30.     Upon information and belief, Defendants' athletic apparel bearing the term, mark and/or word "**ALLBALL**" is sold in NBA sports arena retail stores and the same channels of trade as Plaintiff's Products bearing the "**ALLBALL**" mark.  Both products are in the same general category of athletic apparel and are sold and/or

distributed to the same category of consumers, throughout the United States, including the State of New York.

31.     Defendants' use of the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign" and Defendants' use of the **"ALLBALL"** mark to identify Defendants' athletic apparel has caused, or is likely to cause, confusion, mistake or deception of purchasers and consumers as to the source or origin of Defendants' goods and/or services.

32.     It is probable that other actual and potential purchasers and consumers, upon encountering and/or viewing the televised "Knicks Life: ALLBALL Campaign," as well as Defendants' athletic apparel bearing the term, mark and/or word "**ALLBALL,**" will mistakenly believe that Defendants' athletic apparel originate with, or is licensed, approved, or sponsored by, or otherwise affiliated with or related to Plaintiff, Plaintiff's Products and/or the "**ALLBALL**" mark.

33.     Defendants' decision to continue to utilize and otherwise publicly exploit the "**ALLBALL**" mark after receiving Plaintiff attorney's cease and desist letter constitutes willful and intentional infringement.

34.     Defendants' willful acts of utilizing and otherwise publicly exploiting the "**ALLBALL**" mark without Plaintiff's written authorization and consent have infringed Plaintiff's exclusive right to use the "**ALLBALL**" mark in connection with athletic apparel and violates both state and federal law.

35.     As a proximate result of Defendants' acts, Plaintiff has suffered and will continue to suffer damage to its business, profits and the strength of its trademark. The injury to Plaintiff is, and continues to be, ongoing and irreparable. An award of monetary

damages alone cannot fully compensate Plaintiff for its injuries, and as such Plaintiff lacks an adequate remedy at law.

## V.     CAUSES OF ACTION

### COUNT I
### INFRINGEMENT OF FEDERALLY REGISTERED MARK

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 35 as if fully set forth herein.

37.     This count is for the infringement of a trademark registered in the United States Patent and Trademark Office, pursuant to Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a), as amended.

38.     Plaintiff's federal registration on the Principal Register for the mark "**ALLBALL** THE WORLD IS A BALL, PLAY IT!" is conclusive evidence of Plaintiff's exclusive right to use the "**ALLBALL**" mark to identify Plaintiff's athletic apparel, pursuant to the Lanham Act, 15 U.S.C. §1115.

39.     Upon information and belief, Defendants have publicly exploited the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign" in which Defendants have distributed and/or sold its athletic apparel, bearing the "**ALLBALL**" mark, through interstate commerce, to the same category of consumers that Plaintiff's Products are sold.

40.     Defendants' use of the term "**ALLBALL**," in connection with the "Knicks Life: ALLBALL Campaign" and Defendants' use of the "**ALLBALL**" mark to identify Defendants' athletic apparel, is confusingly similar to, and a colorable imitation of, the "**ALLBALL**" mark as it is used in conjunction with Plaintiff's Products. Defendants' unauthorized use of the "**ALLBALL**" mark has caused, or is likely to cause, confusion

and mistake; and has deceived, or is likely to deceive, consumers as to the approval, sponsorship, license, source and/or origin of Defendants' "Knicks Life: ALLBALL Campaign" and Defendants' athletic apparel.

41.    As a direct and proximate result of Defendants' willful and deliberate acts, all in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114(1)(a), Plaintiff is entitled to: a permanent injunction against Defendants; recover compensatory and treble damages against Defendants; a disgorgement of Defendants' profits. Plaintiff's exact amount of damages will be determined at trial, but are in no event less than $500,000.00 (Five Hundred Thousand Dollars).

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

42.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 41 as if fully set forth herein.

43.    This count is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44.    Defendants' use of the term, mark and/or word "**ALLBALL**" in connection with the "Knicks Life: ALLBALL Campaign" and Defendants' use of the "**ALLBALL**" mark to identify Defendants' athletic apparel is substantially similar, if not identical, to Plaintiff's use of the "**ALLBALL**" mark used to identify Plaintiff's athletic apparel (i.e. "Plaintiff's Products").

45.    As a result of Defendants' unauthorized use of the "**ALLBALL**" mark, consumers are deceptively led to believe that Defendants' athletic apparel originates with or is sponsored or otherwise approved by Plaintiff, in violation of Section 43(a) of the

Lanham Act, 15 U.S.C. § 1125(a). Defendants' acts, as identified herein, constitute false designation of origin, unfair competition, passing off and false advertising.

46.     Upon information and belief, Defendants' aforementioned acts have been done willfully and deliberately and Defendants have profited and been unjustly enriched by their unauthorized use of the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign" and Defendant's distribution and/or sale of its athletic apparel bearing the "**ALLBALL**" mark to consumers throughout the United States, including the State of New York.

47.     As a direct and proximate result of Defendants' acts Plaintiff has been injured and is entitled to recover Defendants' profits and treble damages, in an amount to be determined at trial, but which are in no event less than $500,000.00 (Five Hundred Thousand Dollars).

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49.     This count is for trademark infringement and unfair competition in violation of the common law of the State of New York.

50.     Defendants' unauthorized use of the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign" and Defendants' distribution and/or sale of its athletic apparel bearing the term "**ALLBALL**" is substantially similar, if not identical, to Plaintiff's use of the "**ALLBALL**" mark in connection with Plaintiff's Products.

51. Defendants' acts, as identified herein, constitute misappropriation, common law trademark infringement, passing off and unfair competition in violation of common law.

52. Upon information and belief, Defendants' acts of common law trademark infringement, passing off and unfair competition have been done willfully and deliberately; Defendants have profited and been unjustly enriched by their unauthorized use of the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign" and Defendants' distribution and/or sale of its athletic apparel bearing the term and/or word "**ALLBALL.**"

53. As a direct and proximate result of Defendants' acts, Plaintiff has been injured and is entitled to recover damages, including, but not limited to Defendants' profits, in an amount to be determined at trial, but which are in no event less than $500,000 (Five Hundred Thousand Dollars).

**COUNT IV**
**DECEPTIVE ACTS AND PRACTICES UNDER**
**NEW YORK GEN. BUS. LAW §§349-350**

54. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 53 as if fully set forth herein.

55. This count is for false advertising, deceptive acts and practices under New York General Business Law Sections 349 and 350, *et. seq.*

56. Upon information and belief, Defendants have nationally advertised, marketed, and otherwise publicly exploited the "**ALLBALL**" mark in connection with the "Knicks Life: ALLBALL Campaign." Defendants have distributed and/or sold its athletic apparel bearing the term and/or word "**ALLBALL**" throughout the United States,

including the State of New York, in connection with the "Knicks Life ALLBALL Campaign."

57.    Defendants' acts, as identified herein, constitute false advertising and deceptive acts and practices in violation of New York General Business Law Sections 349 and 350, *et. seq.*

58.    Upon information and belief, Defendants' unlawful conduct has been willful and deliberate; Defendants have profited and been unjustly enriched by their unauthorized use of the "**ALLBALL**" mark in connection with the distribution and/or sale of Defendants' athletic apparel bearing the term and/or word "**ALLBALL**."

59.    As a direct and proximate result of Defendants' acts, Plaintiff has been injured and is entitled to recover damages, including, but not limited to Defendants' profits and treble damages, in an amount to be determined at trial, but which are in no event less than $500,000 (Five Hundred Thousand Dollars).

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Court enter judgment against the Defendants, jointly and severally, as follows:

A.    That Defendants be adjudged to have:  violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); committed acts of trademark infringement and unfair competition in violation of state common law; committed unfair competition and deceptive acts in violation of New York General Business Law §§ 349 and 350, *et. seq.*;

B.    That Defendants, including, but not limited to their agents, servants, representatives, employees and assign, be permanently enjoined from: (1)

using the term, mark and/or word **"ALLBALL"** in connection with the promotion, marketing, advertising, distribution and/or sale of Defendants' athletic apparel; (2) using the term, mark and/or word **"ALLBALL"** in connection with the promotion, marketing and/or advertising of the "Knicks Life: ALLBALL Campaign;" and (3) doing any other act or thing likely to induce the belief that Defendants' athletic apparel is in any way connected with, sponsored, affiliated, licensed, approved or endorsed by Plaintiff;

C.    That Defendants, in accordance with 15 U.S.C. §1116(a), be directed to file with this Court and serve upon Plaintiff within thirty (30) days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the permanent injunction;

D.    That Defendants provide an accounting of all gains, profits, savings and advantages realized by Defendants from their aforesaid acts of trademark infringement, false designation of origin, unjust enrichment, deceptive acts and practices, and unfair competition;

E.    That Plaintiff be awarded damages and profits, as a consequence of Defendants' acts of trademark infringement, false designation of origin, unjust enrichment, deceptive acts and practices, and unfair competition, in an amount to be determined at trial, but which is in no event less than $500,000.00 (Five Hundred Thousand Dollars), pursuant to 15 U.S.C. § 1117;

F.     That Plaintiff be awarded damages in a sum equal to a reasonable licensing fee that Defendants would have been required to pay to Plaintiff for Defendants' use of the **"ALLBALL"** mark; said damages shall be determined at trial but are in no event less than $250,000.00 (Two Hundred Fifty Thousand Dollars);

G.     That this is an exceptional case pursuant to 15 U./S.C. . § 1117 because of the willful and deliberate nature of Defendants' acts of trademark infringement, false designation of origin, false advertising, unjust enrichment, and unfair competition;

H.     That Plaintiff be awarded treble damages pursuant to 15 U.S.C. §1117;

I.      That Plaintiff be awarded its reasonable attorneys' fees, costs and expenses related to this action; and

J.     That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

Dated: New York, New York          Respectfully submitted,
        November 28, 2005

                                          s/ Paul A. Chin
                                    Paul A. Chin, Esq. (PC 9656)
                                    LAW OFFICES OF PAUL A. CHIN
                                    The Woolworth Building
                                    233 Broadway, 5th Floor
                                    New York, NY 10279
                                    (212) 964-8030
                                    *Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil

Procedure.

Dated: New York, New York
       November 28, 2005                    Respectfully submitted,

                                            _____s/ Paul A. Chin_____
                                            Paul A. Chin, Esq. (PC 9656)
                                            LAW OFFICES OF PAUL A. CHIN
                                            The Woolworth Building
                                            233 Broadway, 5th Floor
                                            New York, NY 10279
                                            (212) 964-8030
                                            *Attorneys for Plaintiff*