**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALLBALL ATHLETICS, LLC,
formerly known as
ALLBALL ATHLETICS, INC.,

           *Plaintiff*,

    -against-

NBA PROPERTIES, INC., and
MADISON SQUARE GARDEN, L.P.,

           *Defendants*.

---

05 CV 9960 (RCC)

**ANSWER,**
**AFFIRMATIVE DEFENSES,**
**AND COUNTERCLAIMS**

(ECF CASE)

       The defendants NBA Properties, Inc. ("NBAP"), and
Madison Square Garden, L.P. ("MSG"), by their attorneys Abelman
Frayne & Schwab, answer the complaint as follows:

### THE PARTIES

       1.   In response to paragraph 1 of the complaint, the
defendants admit that the complaint purports to allege various
causes of action, but deny that they have violated any of
plaintiff's rights.

       2.   In response to paragraph 2 of the complaint, the
defendants state that Allball Athletics, Inc., not the plaintiff,
is the owner of record at the United States Patent and Trademark
Office ("PTO") of federal trademark registration no. 2625720, and
therefore the named plaintiff has no standing to sue for
infringement of the purported trademark.  Defendants further
assert that the phrase "all ball" is in the public domain, is
generic, cannot act to identify any particular single source as
the origin of any goods or services related to activities that
involve the use of a ball(s), and that the plaintiff therefore

Dockets.Justia.com

does not have the exclusive right to use and/or register the term "all ball".  Defendants have insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations in paragraph 2 of the complaint, and on that basis, deny them.

3.    In response to paragraph 3 of the complaint, defendants admit that MSG has used the term "all ball" in a manner distinctly different from plaintiff's usage, and always in connection with the famous "Knicks" trademark, on a relatively small number of marketing and promotional items (*i.e.*, they were not sold), but deny any remaining allegations therein.

4.    Defendants deny the allegations set forth in paragraphs 4 through 6 of the complaint.

5.    In response to paragraph 7 of the complaint, the defendants admit that this Court has jurisdiction over the subject matter of this action.

6.    In response to paragraph 8 of the complaint, the defendants admit that this Court has personal jurisdiction over the parties.

7.    In response to paragraph 9 of the complaint, the defendants admit that venue is appropriate in this Court.

8.    In response to paragraph 10 of the complaint, the defendants deny that plaintiff has any trademark rights in the term "all ball", and further state that they have insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations therein, and on that basis deny them.

9.    In response to paragraph 11 of the complaint, the defendants admit that NBAP is a New York corporation with a place of business at 645 Fifth Ave, New York, New York, 10022-5910, that it is the marketing and licensing arm of the National Basketball Association ("NBA"), and that it is the owner and/or exclusive licensee of all trademarks, service marks, trade names and logos of the NBA and its member teams, but deny any remaining allegations therein.

10.    Defendants deny the allegations in paragraph 12 of the complaint.

11.    In response to paragraph 13 of the complaint, the defendants admit that MSG is a Delaware Limited Partnership with a place of business at Two Pennsylvania Plaza, New York, New York 10121, and that it is the majority owner of the New York Knicks.

12.    In response to paragraph 14 of the complaint, the defendants admit that MSG has used the term "all ball" in a manner distinctly different from plaintiff's usage, and always in connection with the famous "Knicks" trademark, on a relatively small number of marketing and promotional items (*i.e.*, they were not sold), but deny any remaining allegations therein.

13.    In response to paragraph 15 of the complaint, the defendants deny that plaintiff has any trademark rights in the term "all ball", and further state that they have insufficient knowledge or information to form a belief as to the truth or falsity of any remaining allegations therein, and on that basis deny them.

14.    In response to paragraph 16 of the complaint, the defendants deny that the term "all ball" can act as a trademark

for any goods or services related to activities that involve the use of a ball(s), and further deny that plaintiff owns a trademark registration for the term.  The defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations therein, and on that basis deny them.

15.  In response to paragraph 17 of the complaint, defendants admit that U.S. trademark registration no. 2625720 issued on September 24, 2002.  As to the remainder of the paragraph, the defendants are unable to fairly admit the truth or falsity of the statements therein because they are legal arguments, not factual averments, and on that basis, defendants deny them.

16.  Defendants deny the allegations set forth in paragraphs 18 and 19 of the complaint.

17.  In response to paragraphs 20 through 23 of the complaint, the defendants deny that the term "all ball" can act as a trademark for any goods or services that involve the use of a ball(s).  The defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations therein, and on that basis deny them.

18.  In response to paragraph 24 of the complaint, the defendants admit that MSG has used the term "all ball" in a manner distinctly different from plaintiff's usage, and always in connection with the famous "Knicks" trademark, on a relatively small number of marketing and promotional items (*i.e.*, they were not sold), but deny any remaining allegations therein.

19.    In response to paragraph 25 of the complaint, the defendants admit that MSG received a letter dated May 19, 2005 from Patricia Lawrence Kolaras Esq., but deny that NBAP received the May 19, 2005 letter directly from Ms. Kolaras.  The defendants are unable to fairly admit the truth or falsity of the remainder of paragraph 25 because it includes only plaintiff's characterizations of the contents of Ms. Kolaras' letter, not factual averments, and on that basis, the defendants deny them.

20.    In response to paragraph 26 of the complaint, the defendants deny plaintiff's allegation that MSG did not reply to Ms. Kolaras' May 19, 2005 letter.  The defendants are unable to fairly admit the truth or falsity of the remainder of paragraph 26 because it includes only plaintiff's characterizations of the contents of Ms. Kolaras' letter, not factual averments, and on that basis, the defendants deny them.

21.    In response to paragraph 27 of the complaint, the defendants admit that subsequent to the receipt of Ms. Kolaras' May 19, 2005 letter, MSG used the term "all ball" in a manner distinctly different from plaintiff's usage, and always in connection with the famous "Knicks" trademark, on a relatively small number of marketing and promotional items (*i.e.*, they were not sold), but deny any remaining allegations therein.

22.    In response to paragraph 28 of the complaint, the defendants admit that MSG has used the term "all ball" in a manner distinctly different from plaintiff's usage, and always in connection with the famous "Knicks" trademark, on a relatively small number of marketing and promotional items (*i.e.*, they were not sold), but deny any remaining allegations therein.

-5-

23.   In response to paragraph 29 of the complaint, the defendants deny that they have infringed any of plaintiff's rights.   The defendants have insufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations therein, and on that basis deny them.

24.   Defendants deny the allegations set forth in paragraphs 30 through 35 of the complaint.

25.   In response to paragraph 36 of the complaint, the defendants adopt and incorporate their responses to paragraphs 1 through 35 of the complaint as if fully set forth herein.

26.   In response to paragraph 37 of the complaint, the defendants admit that the complaint purports to assert a claim arising under 15 U.S.C. § 1114(1)(a), but deny that they have violated its provisions or any rights of the plaintiff.

27.   Defendants deny the allegations set forth in paragraphs 38 through 41 of the complaint.

28.   In response to paragraph 42 of the complaint, the defendants adopt and incorporate their responses to paragraphs 1 through 41 of the complaint as if fully set forth herein.

29.   In response to paragraph 43 of the complaint, the defendants admit that the complaint purports to assert a claim arising under 15 U.S.C. § 1125(a), but deny that they have violated its provisions or any rights of the plaintiff.

30.   Defendants deny the allegations set forth in paragraphs 44 through 47 of the complaint.

31.   In response to paragraph 48 of the complaint, the defendants adopt and incorporate their responses to paragraphs 1 through 47 of the complaint as if fully set forth herein.

32.  In response to paragraph 49 of the complaint, the defendants admit that the complaint purports to assert a claim arising under the common law of the State of New York, but deny that they have violated the law or any rights of the plaintiff.

33.  Defendants deny the allegations set forth in paragraphs 50 through 53 of the complaint.

34.  In response to paragraph 54 of the complaint, the defendants adopt and incorporate their responses to paragraphs 1 through 53 of the complaint as if fully set forth herein.

35.  In response to paragraph 55 of the complaint, the defendants admit that the complaint purports to assert a claim arising under the New York General Business Law § 349-350, *et seq.*, but deny that they have violated its provisions or any rights of the plaintiff.

36.  In response to paragraph 56 of the complaint, the defendants admit that MSG has used the term "all ball" in a manner distinctly different from plaintiff's usage, and always in connection with the famous "Knicks" trademark, on a relatively small number of marketing and promotional items (*i.e.*, they were not sold), but deny any remaining allegations therein.

37.  Defendants deny the allegations set forth in paragraphs 57 through 59 of the complaint.

**FIRST AFFIRMATIVE DEFENSE**

38.  The complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

39.  The claims alleged are barred in whole or in part under the Doctrine of Estoppel.

### THIRD AFFIRMATIVE DEFENSE

40.   The claims alleged are barred in whole or in part under the Doctrine of Laches.

### FORTH AFFIRMATIVE DEFENSE

41.   The claims alleged are barred in whole or in part under the Doctrine of Unclean Hands.

### FIFTH AFFIRMATIVE DEFENSE

42.   The trademark registration asserted herein is not owned by the plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

43.   Upon information and belief, the trademark registration asserted is invalid because it fails to satisfy the conditions and requirements specified in Title 15 of the United States Code.

### COUNTERCLAIMS PURSUANT TO FED. R. CIV. P. 13

The defendants/counter-claimants, through their undersigned attorneys, for their counterclaims against the plaintiff/counter-defendant, Allball Athletics, allege as follows:

### THE PARTIES

44.   MSG is and was at all relevant times a Delaware Limited Partnership with a place of business at Two Pennsylvania Plaza, New York, New York 10121.

45.   NBAP is and was at all relevant times a New York corporation with a place of business at 645 Fifth Ave, New York, New York, 10022-5910

46.   Upon information and belief, Allball Athletics is a limited liability company organized and existing under the laws

of the State of New Jersey, with an office at 20 Vanderipe Road, Hillsborough, New Jersey.

47.   Upon information and belief, Allball Athletics distributes athletic apparel.

## JURISDICTION AND VENUE

48.   Through these counterclaims, MSG and NBAP seek damages arising from Allball Athletics's acts of unfair competition in violation of MSG's common law rights, as well as a declaratory judgment that Federal trademark registration no. 2625720 is void, and for an order directing the Commissioner of the United States Patent and Trademark Office to cancel the registration under the provisions of 28 U.S.C. §§ 2201 and 2202, and under the laws of the United States concerning actions relating to trademarks, 15 U.S.C. §§ 1119 and 1121.

49.   This Court has jurisdiction over MSG's and NBAP's counterclaims pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1337, 1338.  There is supplemental jurisdiction pursuant to 28 U.S.C. § 1367, as well.

50.   Venue is proper in the this district pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTS COMMON TO MSG'S AND NBAP'S COUNTERCLAIMS

51.   Upon information and belief, Allball Athletics has knowingly and intentionally misrepresented to the trade and public that it has the exclusive right to use the phrase "all ball" in connection with any goods and services related to activities that involve the use of a ball(s), and that MSG and NBAP have infringed that right.

## FIRST COUNTERCLAIM FOR UNFAIR COMPETITION

52.    MSG and NBAP reassert paragraphs 1 through 51 above as if fully set forth herein.

53.    This cause of action arises under the common law.

54.    Allball Athletics' conduct has misled the trade and public.

55.    Upon information and belief, the aforementioned conduct is part of a deliberate plan or scheme intended to unfairly compete, and was undertaken in total disregard of the resultant damage and injury to the public, and MSG and NBAP.

56.    By reason of the foregoing, Allball Athletics has engaged in and is continuing to engage in acts of unfair competition in violation of the common law.

57.    On account of the activities of Allball Athletics in this State and District of New York, and in interstate commerce, MSG and NBAP have been damaged in an amount to be determined at trial.

## SECOND COUNTERCLAIM FOR DECLARATORY RELIEF

58.    MSG and NBAP reassert paragraphs 1 through 57 above as if fully set forth herein.

59.    There is an actual controversy between the counter-claimants and plaintiff as set forth in the complaint with respect to the plaintiff's purported trademark.

60.    Counter-claimants seek a declaratory judgment that trademark registration no. 2625720 is void and for an order directing the Commissioner of the PTO to cancel the trademark registration because it fails to comply with one or more of the requirements of registration.

**WHEREFORE**, the defendants pray:

1.   that upon final hearing, Allball Athletics take nothing by its complaint, that it be denied all relief prayed for in therein, and that its complaint be dismissed with prejudice;

2.   for a preliminary and permanent injunction prohibiting Allball Athletics, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it from engaging in any misleading advertising, and from unfairly competing with MSG and NBAP;

3.   awarding MSG and NBAP their damages caused by Allball Athletics's misrepresentations, and Allball Athletics's total profit realized thereby, and that such award be trebled;

4.   awarding MSG and NBAP punitive damages pursuant to the common law as well as state laws authorizing imposition of punitive damages;

5.   for a declaration that Federal trademark registration no. 2625720 is invalid, unenforceable, and void in law;

6.   for an assessment of costs, interest and attorneys' fees incurred by defendants; and

7.   for such other and further relief as the Court deems just.

Dated: January 31, 2006
      New York, New York

**ABELMAN FRAYNE & SCHWAB**

_____
Lawrence E. Abelman (LA 6486)
Michael Aschen (MA 6336)
666 Third Avenue
New York, New York  10017
(212) 949-9022

Counsel for NBA Properties,
Inc. and Madison Square
Garden, L.P.

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Answer To The Complaint, Affirmative Defenses, and Counterclaims was served this 31st day of January, 2006, by mail upon the following:

Paul A. Chin, Esq.
299 Broadway
Suite 1300
New York, NY 10007

_____