Allball Athletics, LLC v. NBA Properties, Inc. et al                                                    Doc. 6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

f B0 0  e6 8Û ÈÄ·¢8 -1IŒ 0  ..U• ]cR häb  TD (   -28b˜  › N  b1°€96ƒ    B1  › NR) Tj Î TwÈ ( ) ÈÄ·Ñ§

Dockets.Justia.com

## JURISDICTION AND VENUE

5. In response to paragraph 48 of Defendants' counter-claims Plaintiff states that it has not committed any acts of unfair competition which violate any common law, or any other, rights of Defendant MSG. Plaintiff further states that Defendant MSG is not entitled to relief requested in paragraph 48 of Defendants' counter-claims and deny any further allegations contained therein.

6. Plaintiff admits the allegations contained in paragraph 49 of Defendants' counter-claims.

7. Plaintiff admits the allegations contained in paragraph 50 of Defendants' counter-claims.

## FACTS COMMON TO MSG'S AND NBAP'S COUNTERCLAIMS

8. In response to paragraph 51 of Defendants' counter-claims Plaintiff states that it has the exclusive right to use the term "**ALLBALL**" (hereinafter "Plaintiff's mark" or the "**ALLBALL** mark") in connection with the sale of athletic apparel bearing the "**ALLBALL**" mark. Plaintiff further states that it was granted this exclusive right by the United States Patent and Trademark Office ("USPTO"), when said office issued to Plaintiff Trademark Registration No.: 2,625,720 and listed Plaintiff's mark on the Principal Register of the USPTO. Plaintiff denies the remaining allegations contained in paragraph 51.

## ANSWER TO FIRST COUNTERCLAIM FOR UNFAIR COMPETITION

9. Plaintiff repeats and realleges each and every response to Defendants' counter-claims contained in paragraphs 1 through 8 as if fully set forth herein.

10.     Plaintiff states that it is without sufficient information and knowledge to ascertain the truth or falsity of the allegations contained in paragraph 53 and therefore denies the allegations contained therein.

11.     Plaintiff denies the allegations contained in paragraph 54 of Defendants' counter-claims.

12.     Plaintiff denies the allegations contained in paragraph 55 of Defendants' counter-claims.

13.     Plaintiff denies the allegations contained in paragraph 56 of Defendants' counter-claims.

14.     Plaintiff denies the allegations contained in paragraph 57 of Defendants' counter-claims.

## ANSWER TO SECOND COUNTERCLAIM FOR DECLARATORY RELIEF

15.     Plaintiff repeats and realleges each and every response to Defendants' counter-claims contained in paragraphs 1 through 14 as if fully set forth herein.

16.     In response to paragraph 59 of Defendants' counter-claims Plaintiff states that the only actual controversy between Plaintiff and Defendants is whether or not Defendants committed trademark infringement when Defendants, without Plaintiff's authorization and consent, publicly exploited the **"ALLBALL"** mark in connection with Defendants' "Knicks Life: ALLBALL Campaign" in which Defendants distributed and/or sold its athletic apparel, bearing the "**ALLBALL"** mark, through interstate commerce, to the same category of consumers that Plaintiff's athletic apparel are sold. Plaintiff denies the remaining allegations contained in paragraph 59.

17. Plaintiff denies the allegations contained in paragraph 60 of Defendants' counter-claims and state that Defendants are not entitled to the relief requested therein.

### FIRST AFFIRMATIVE DEFENSE TO ALL COUNTERCLAIMS

18. Defendants' counter-claims fail to state a cause of action or claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE TO ALL COUNTERCLAIMS

19. Defendants' counter-claims are barred in whole or in part by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE TO ALL COUNTERCLAIMS

20. Defendants' counter-claims are barred in whole or in part by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE TO ALL COUNTERCLAIMS

21. Defendants' counter-claims are barred in whole or in part under the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE TO ALL COUNTERCLAIMS

22. Defendants' counter-claims fail to allege any facts supporting its demand for preliminary or permanent injunctive relief.

### SIXTH AFFIRMATIVE DEFENSE TO ALL COUNTERCLAIMS

23. Defendants' counter-claims fail to allege any facts supporting its demand for punitive damages.

**WHWEREFORE,** Plaintiff respectfully requests that:

1.	upon final hearing Defendants take nothing by their counter-claims and that Defendants be denied all relief requested in their Answer to Plaintiff's Complaint and in Defendants' counter-claims;

2.	this Court deny Defendants' request for a preliminary and permanent injunction against Plaintiff;

3.	this Court deny Defendants' demand for damages;

4.	this Court deny Defendants' demand for punitive damages;

5.	this Court deny Defendants' request for a declaration that Plaintiff's mark is invalid, unenforceable and void in law;

6.	this Court deny Defendants' demand for costs, interest and attorneys' fees allegedly incurred by Defendants;

7.	this Court grant the relief requested by Plaintiff contained in Plaintiff's Complaint; and

8.	this Court grant to Plaintiff any such other and further relief as the Court deems just and appropriate.

Dated: February 20, 2006  
      New York, New York

Respectfully submitted,

    s/ Paul A. Chin  
Paul A. Chin, Esq. (PC 9656)  
LAW OFFICES OF PAUL A. CHIN  
The Woolworth Building  
233 Broadway, 5th Floor  
New York, NY 10279  
(212) 964-8030  
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify, affirm and declare under the penalties of perjury that on the 20th day of February, 2006 I served a true and accurate copy of PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTER-CLAIMS, by mailing a copy of the same, via first class mail postage pre-paid and by placing the same in the care and custody of the United States Post Office, to Defendants' attorneys located at:

>Lawrence E. Abelman, Esq. (LA 6486)
>Michael Aschen, Esq. (MA 6336)
>ABELMAN FRAYNE & SCHWAB
>666 Third Avenue
>New York, NY 10017
>(212) 949-9022
>*Attorneys for Defendants*

Dated: February 20, 2006          Respectfully submitted,
       New York, New York

                                     s/ Paul A. Chin
                                  Paul A. Chin, Esq. (PC 9656)
                                  LAW OFFICES OF PAUL A. CHIN
                                  The Woolworth Building
                                  233 Broadway, 5th Floor
                                  New York, NY 10279
                                  (212) 964-8030
                                  *Attorneys for Plaintiff*