UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ALLBALL ATHLETICS, LLC formerly known as : 
ALLBALL ATHLETICS, INC.

           Plaintiff

           vs.

NBA PROPERTIES, INC.
MADISON SQUARE GARDEN, L.P.

           Defendants

**CASE NO.:  05 CV 9960 (RCC) (DFE)**

**(ECF CASE)**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/10/06
```

## STIPULATION AND AGREED CONFIDENTIALITY ORDER

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following provisions of this Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") shall govern disclosure and use by the undersigned parties of all documents, testimony and other materials and information produced in this action after the date of execution of the Stipulation and Order by the parties.

 Allball Athletics, LLC v. NBA Properties, Inc. et al           Doc. 11

1.      When used in this Stipulation and Order, the word "document" shall include, without limitation, all original written, recorded, electronic or graphic materials, and all copies thereof. A party, person or entity that produces or discloses discovery material in connection with this action shall be referred to as the "Disclosing Party."

2.      All discovery materials produced or disclosed in this action shall be used solely for the prosecution of this action (including any appeal therefrom) and the defense of the named defendants and for no other purpose whatsoever. Any person or entity in possession of Confidential Discovery Materials (as defined below) shall maintain those materials in a reasonably secure manner, so as to avoid disclosure of their contents.

3.    Any discovery materials produced or disclosed in connection with this action by a Disclosing Party which contains either: (1) trade secrets or other confidential research, development, proprietary or commercial information, including sales or financial records; or (2) confidential, non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personal evaluations, medical and banking information, may be designated "Confidential" by the Disclosing Party. Discovery materials designated "Confidential" shall be referred to herein as "Confidential Discovery Materials." The parties further agree that reference to any category or type of discovery material above is not intended to and shall not be construed as an admission that the discovery material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence.

4.    The confidential designation set forth in paragraph 3 may be made at or prior to the time of production of documents and information by stamping the word "Confidential" on each page of the Confidential Discovery Materials to be deemed confidential. Inadvertent failure to designate materials as confidential at the time of production may be remedied by supplemental written notice no later than fourteen (14) days after the first identification or designation of any such material as a deposition exhibit or trial exhibit. If such notice is given, all such materials, and any testimony referring to such materials, shall be subject to this Stipulation and Order as if they had been initially designated as Confidential to the extent that such documents, materials or testimony fall within the definition of Confidential Discovery Materials. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client

2

privilege, the attorney work product doctrine or any other applicable privilege, and no party shall be held to have waived any claims or arguments under the inadvertent production doctrine. If a Disclosing Party believes that a privileged document was inadvertently produced, the Disclosing Party shall so notify the party to whom the document was produced in writing, and within five (5) calendar days of receipt of such notification the parties shall meet and confer in an effort to resolve any disagreements. If the parties cannot resolve their disagreements, the Disclosing Party may apply to the Court within ten (10) calendar days of the meet and confer for a ruling on the Disclosing Party's claim of inadvertent production.

5.      A Disclosing Party may designate as confidential all or any portion of a deposition transcript deemed to contain confidential information. The Disclosing Party shall advise the court reporter and counsel of record of the beginning and end of the testimony containing Confidential Discovery Material orally at the deposition. The reporter shall mark "CONFIDENTIAL" on the face of the transcript at the beginning and end of any portion thereof designated confidential.

6.      No Discovery Material designated "Confidential" under paragraphs 3-5 of this Stipulation and Order shall be disclosed, directly or indirectly, to any person other than:

(a)      the Court, necessary Court personnel and jurors;

(b)      the named parties in this action (including the officers, directors and employees of the named parties), but only insofar as reasonably necessary for the prosecution and defense of this action;

(c)      the named parties' attorneys and partners, associates and employees of the attorneys' law firms;

(d)     in-house attorneys for any named party in this action and regular employees of the in-house legal department of any named party in this action;

(e)     court reporters transcribing depositions or testimony in this action;

(f)     persons who are or were authors or recipients of the Confidential Discovery Materials;

(g)     any experts retained or consulted by any party (whether testifying or not) in connection with this action and those working under their direction or control;

(h)     any person who is a potential fact witness in this action, provided, however, that a person identified solely in this subparagraph shall not be permitted to retain copies of such Confidential Discovery Materials; and

(i)     outside photocopying, graphic production services, litigation support services, or investigators employed by the parties or their counsel to assist in this litigation and computer personnel performing duties in relation to any computerized litigation system.

7.     All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 6(g), 6(h) and 6(i) as applicable above shall, prior to disclosure, be advised of the contents of this Stipulation and Order, that the Confidential Discovery Materials are being disclosed pursuant to the terms of this Stipulation and Order and may not be disclosed other than pursuant to the terms hereof. All persons to whom Confidential Discovery Materials are disclosed pursuant to subparagraphs 6(g), 6(h) and 6(i) shall be required to execute a certification evidencing their agreement in the form attached as Exhibit A hereto.

8.     In the event that counsel for any party or non-party determines to file in, or submit to, this Court any Confidential Discovery Materials, information derived

4

therefrom, or any papers containing or making reference to such materials or information, all pages containing such Confidential Discovery Materials or information pertaining thereto shall be filed only in sealed envelopes on which shall be endorsed the caption of this action and which shall clearly bear the words "CONFIDENTIAL – FILED UNDER SEAL." This Order authorizes the Clerk of the Court to file such materials under seal upon the request of any party to this Stipulation and Order without further application or order from the Court. All materials filed under seal shall be available to the Court and to counsel for the parties for viewing and/or copying. Filing under seal shall be without prejudice to any party's right to argue to the Court that such documents or information is not confidential and need not be preserved under seal. Pages of documents or deposition transcripts from which Confidential Discovery Material has been redacted shall be filed in the public record.

9.    If at any time Discovery Materials governed by this Stipulation and Order are subpoenaed by any court, administrative or legislative body, or by any other person or entity purporting to have authority to require the production thereof, the person to whom the subpoena or request is directed shall promptly give written notice, and include a copy of the subpoena or request, to the Disclosing Party.

10.    If at any time a party challenges a designation of Confidential Discovery Materials as confidential under this Stipulation and Order, the challenging party shall notify the Disclosing Party in writing. The challenging party shall identify in writing the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within ten (10) calendar days of receipt of such notice, the Disclosing Party and challenging party shall meet and confer in an effort to resolve their disagreement. If the parties cannot resolve their disagreement, the challenging party may

5

apply within fifteen (15) calendar days of the conference for a ruling on the Disclosing Party's designation of the Discovery Materials as confidential. While any such application is pending, the documents or material subject to that application will remain confidential until the Court rules on the application. If the challenging party does not apply to the Court for a ruling on the Disclosing Party's designation of Discovery Materials as confidential within the time prescribed herein, the Discovery Materials will remain confidential. The Disclosing Party shall have the burden of showing that the document or information is confidential under Rule 26(c) of Federal Rules of Civil Procedure. Nothing in this Stipulation and Order shall be construed as preventing any party from objecting to the designation of any documents and confidential, or preventing any party from seeking further protection for any material it produces in discovery.

11.    Within forty-five (45) calendar days after entry of an Order finally terminating this action, including all appeals, copies of all Confidential Discovery Materials shall either be destroyed or, upon request of the Disclosing Party, returned to the Disclosing Party, at the Disclosing Party's expense. Counsel for each of the parties shall certify in writing that all such Confidential Discovery Materials have been destroyed or returned. This obligation shall not apply to pleadings, motions, briefs, supporting affidavits, attorney notes, transcripts or Court opinions and orders (although the other restrictions imposed hereinabove shall continue to apply to any Confidential Discovery Materials attached to such pleadings, motions briefs or supporting affidavits). This Stipulation and Order shall not be construed to affect in any way the admissibility of any document, testimony or other evidence at trial or hearing of this action.

12.    Each party shall have the responsibility, through counsel, to advise the Disclosing Party of any loss or compromise of the confidentiality of information or

6

documents governed by this Stipulation and Order. It shall be the responsibility of the party that has lost or compromised the confidentiality of the Confidential Discovery Materials to take reasonable measures to limit any such loss or unauthorized disclosure.

13.    Nothing in this Stipulation and Order shall be construed to limit any Disclosing Party's use or disclosure of its own documents, materials or information designated hereto as confidential. In addition, nothing in this Stipulation and Order shall prevent or in any way limit disclosure, use or dissemination of any documents, materials or information that are in the public domain. This Stipulation and Order shall not prejudice in any way the rights of any party to introduce into evidence at trial any document, testimony or other evidence subject to this Stipulation and Order, to prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, material, testimony or other evidence subject to this Stipulation and Order.

14.    Any non-party producing Discovery Materials in this action may be included in this Stipulation and Order by endorsing a copy of this Stipulation and Order and delivering it to the requesting party who, in turn, will file the endorsed Stipulation and Order with the Court and serve it upon counsel for all parties. The parties to this action may designate Discovery Materials produced by a non-party in this action as confidential in accordance and consistent with the terms and provisions of this Stipulation and Order.

15.    In the event that additional persons or entities become parties to this action, such parties shall not have access to Confidential Discovery Materials produced by or obtained from any Disclosing Party until the newly-joined parties or their counsel

7

confirm in writing to all other parties that they have read this Stipulation and Order and agree to be bound by its terms.

16.    This Stipulation and Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Stipulation and Order, or from agreeing with the other parties to modify this Stipulation and Order, subject to the approval of the Court.

17.    Jurisdiction of this action is to be retained by this Court, after final determination, for purposes of enabling any party to this Stipulation and Order to apply to the Court for such direction, order or further decree as may be appropriate for the construction, modification, enforcement or complaint herewith or for the punishment of any violation hereof, or for such additional relief as may become necessary to realize the intentions of this Stipulation and Order.

18.    This Order may be executed in any number of counterparts, including facsimile counterparts, all of which together shall constitute one Order.

19.    This Order is subject to modification only by the Court.

**SO ORDERED**

Dated: May __10__, 2006
        New York, New York


_____
DOUGLAS F. EATON
United States Magistrate Judge


LAW OFFICES OF PAUL A. CHIN

By: _____
Paul A. Chin (PC9656)
The Woolworth Building
233 Broadway, 5th Floor
New York, NY 10279
*Counsel for Plaintiff*

ABELMAN FRAYNE & SCHWAB

By: _____
Michael Aschen (MA6336)
150 East 42nd Street
New York, NY 10017
*Counsel for Defendants*


8

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALLBALL ATHLETICS, LLC formerly known as : <br> ALLBALL ATHLETICS, INC.             : <br>                              : <br> Plaintiff               : <br>     : <br>     : <br> vs.                     : <br>     : <br> NBA PROPERTIES, INC.        : <br> MADISON SQUARE GARDEN, L.P.    : <br>     : <br> Defendants        : | **CASE NO.:  05 CV 9960 (RCC)** <br><br> **(ECF CASE)** |

### EXHIBIT A
### AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

I understand that confidential documents, material or information will be disclosed to me for purposes relating to this proceeding.  I understand that such confidential documents, material or information is being provided to me pursuant to the terms and restrictions of a Stipulation and Agreed Confidentiality Order (the "Stipulation and Order") governing the protection and exchange of confidential information, executed by and between counsel for the parties to this action.  I have been given a copy of, and have read, the Stipulation and Order and I agree to be bound by it.

I understand that any unauthorized use or disclosure by me of such confidential documents, materials or information will be treated as a breach of the Stipulation and Order for which I may be liable and/or which may be punishable as a contempt of Court. I consent to the jurisdiction of this Court for all matters relating to the enforcement of the Stipulation and Order and this agreement.

_____            By:_____
Date

9